NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SUSANA MUNOZ, *Petitioner/Appellee,*

*v.*

IVAN JUAREZ, *Respondent/Appellee.*

MARGARITA TENA PARRA, *Intervenor/Appellant.*

No. 1 CA-CV 25-0882 FC
FILED 07-02-2026

Appeal from the Superior Court in Maricopa County
No. FN2023-002022
The Honorable Lauren R. Guyton, Judge

**AFFIRMED IN PART; DISMISSED IN PART**

COUNSEL

Law Office of Clifford Levenson, Phoenix
By Clifford I. Levenson
*Counsel for Intervenor/Appellant*

Stanley David Murray Attorney at Law, Scottsdale
By Stanley David Murray
*Counsel for Petitioner/Appellee*

Underwood Law Office, Phoenix
By Sonya E. Underwood
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Judge D. Andrew Gaona delivered the decision of the Court, in which Presiding Judge David B. Gass[1] and Judge Anni Hill Foster joined.

---

**G A O N A**, Judge:

**¶1** Margarita Tena Parra ("Parra") intervened in her son and daughter-in-law's dissolution proceeding and appeals a portion of the superior court's dissolution decree that awarded them an Avondale home ("Home") as their community property. Parra argues the beneficiary deed through which Ivan Juarez ("Husband") and Susana Munoz ("Wife") acquired the house was ineffective under Arizona's community property and spousal-joinder statutes and that it thus belonged to her after her husband, Benito Juarez ("Juarez"), died.

**¶2** We disagree and affirm. Parra's arguments turn on her disagreements with the superior court's factual findings about her claimed ownership interest in the Home. Because substantial evidence supports those findings, we don't disturb them on appeal. We also dismiss Husband's challenge to the attorneys' fee award against him for lack of jurisdiction.

---

[1] Judge David B. Gass was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective June 30, 2026. In accordance with the authority granted by Article VI, Section 3, of the Arizona Constitution, and under A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge David B. Gass as a judge pro tempore in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2026-87.

**FACTS AND PROCEDURAL HISTORY**

¶3           We view the evidence in the light most favorable to sustaining the superior court's ruling. *Goodell v. Goodell*, 257 Ariz. 563, 567 ¶ 3 (App. 2024).

¶4           Husband and Wife began their relationship in 2000 and married in 2015. Wife filed for divorce in 2023.

¶5           For more than two decades, Husband worked at a restaurant using his father's name (Benito Juarez) and social security number. Husband shared a bank account with Juarez into which Husband deposited[2] his earnings. Wife likewise deposited her earnings into that account. Juarez filed tax returns in his own name using income attributable to Husband's work, and deposited any resulting tax refunds into the joint account.

¶6           In 2011, Juarez obtained financing and purchased the Home in his name. Wife testified that Juarez secured the loan because Husband and Wife couldn't qualify for financing, but that Juarez used Husband's paystubs (which, as a reminder, were under Juarez's identity) to obtain the loan. Wife also testified that Husband and Wife supplied the funds to acquire, maintain, and pay for the Home.

¶7           In February 2013, Juarez executed a beneficiary deed naming Husband and Wife as beneficiaries of the Home. *See* A.R.S. § 33-405 (2006). Wife testified Juarez executed the deed to protect her and Husband in case Juarez died. Husband, on the other hand, testified he didn't know about the beneficiary deed until Juarez's death.

¶8           Husband and Wife married in 2015. Four years later, the remaining mortgage balance—about $80,000—was paid using funds from the joint account. Juarez died in 2022. Husband and Wife acquired title through the beneficiary deed and later recorded a deed conveying the Home to themselves.

¶9           When Wife petitioned for divorce in 2023, she alleged the Home was community property. Husband responded that Juarez owned the Home, transferred it to the parties through the beneficiary deed, and

---

[2] Because Husband worked under Juarez's name and social security number, Husband's earnings were paid to Juarez.

asserted Parra may have an equitable interest in the Home. Husband then moved to join Parra as a party.

¶10         Parra intervened and asserted quiet-title and declaratory-relief claims. Parra unsuccessfully moved for summary judgment on those claims, with the superior court noting that the issues she raised would "be addressed at trial." The superior court then conducted a bench trial—the central issue being who owned the Home.

¶11         As relevant here, Parra alleged Juarez bought the Home with his funds in the joint account while married to Parra and that the beneficiary deed was ineffective because Parra didn't sign the deed or join in its execution. According to Parra, the Home was *her* community property, the beneficiary deed never conveyed the Home to Husband and Wife, Juarez died intestate, and thus she was the Home's sole owner. Wife disputed those allegations, asserting that Husband and Wife supplied the funds used to acquire and pay for the Home and that Juarez merely held title and obtained financing on their behalf.

¶12         The court heard testimony from Parra, Husband, Wife, and Husband's uncle (who prepared the beneficiary deed at issue). Although the court admitted several exhibits, it excluded the principal documentary evidence offered to prove Parra and Juarez's marriage: a document purporting to be a marriage certificate. Wife objected to its admission on authenticity grounds. The document contained multiple dates relating to the marriage and its registration, and Husband couldn't establish personal knowledge sufficient to authenticate it. The court sustained Wife's objection and excluded it.

¶13         Following trial, the superior court rejected Parra's ownership claim and issued the dissolution decree. The court found Parra failed to prove she was married to Juarez, and that Husband and Wife funded the Home's purchase. It found Husband didn't claim Parra owned the Home until the dissolution proceedings began and that Husband—not Parra—initiated Parra's involvement in the case. The court also found no credible evidence that Parra "sought this action of her own will." The court ultimately concluded Husband and Wife owned the Home, ordered it sold, and directed the net proceeds be divided equally between Husband and Wife.

¶14         Parra timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

4

**DISCUSSION**

¶15 On appeal, Parra contends the superior court erred in determining Husband and Wife owned the Home because the beneficiary deed was void under Arizona's community property and spousal-joinder statutes. Husband—who didn't appeal—joins many of Parra's arguments and separately challenges the superior court's award of attorneys' fees to Wife.

¶16 Parra doesn't challenge the superior court's characterization of the Home as Husband's and Wife's community property. Nor does she develop an argument that the court's factual findings were clearly erroneous. *See* ARCAP 13(a)(7)(A); *In re Aubuchon*, 233 Ariz. 62, 64–65 ¶ 6 (2013) (arguments that are "not supported by adequate explanation, citations to the record, or authority" are considered waived). Instead, her arguments simply assume facts contrary to those found by the superior court.

¶17 Because we have an independent obligation to examine our jurisdiction and that of the court below, *Morgan v. Hays*, 102 Ariz. 150, 152–53 (1967), we start by briefly discussing Parra's claims. Parra framed her claims in intervention as requests for quiet-title and declaratory relief, and we've previously held that "statutory remedies such as quiet title and partition would not be appropriate for consideration in a dissolution proceeding." *Thomas v. Thomas*, 220 Ariz. 290, 294 ¶ 16 n.4 (App. 2009). *Thomas*, however, didn't involve claims of an intervening third party. But whatever the proper procedural vehicle, the superior court had to determine whether Parra had an interest in the Home before deciding whether the Home was subject to division. The court resolved the ownership claim against Parra and, having done so, divided the Home between Husband and Wife. Because the court's ruling rejected Parra's claim and ultimately resulted in the division of the Home in the dissolution proceeding, we need not address the form of Parra's claim.

¶18 At bottom, Parra's appeal challenges the superior court's determination that she failed to establish an ownership interest in the Home. We thus turn to that issue.

**I.      The Superior Court Didn't Err in Rejecting Parra's Ownership Claim.**

¶19 Although Parra frames her appeal as involving the application of Arizona's community property statutes—and thus a legal question we review de novo, *see Whit v. Meza*, 257 Ariz. 176, 184 ¶ 27 (App.

2024) — her arguments hinge on disagreements with the superior court's factual findings. Parra contends the beneficiary deed was invalid because Juarez acquired the Home during his marriage to Parra and executed the beneficiary deed without her participation or consent. *See* A.R.S. §§ 25-211(A), -214(C), 33-452.

¶20      The superior court found that Parra failed to establish the facts necessary to support that theory. We defer to that finding absent clear error. *Kim v. Pak*, 258 Ariz. 594, 596–97 ¶ 7 (App. 2024). We also defer to the superior court's credibility determinations and resolution of conflicting evidence and don't reweigh the evidence on appeal. *Id.*; *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347 ¶ 13 (App. 1998).

¶21      Parra's claim rested on a specific factual and legal theory. She asserted Juarez acquired the Home during their marriage with funds belonging to Juarez and Parra, thus creating a community property interest protected by Arizona's spousal-joinder statutes. *See* A.R.S. §§ 25-211(A), -214(C), 33-452. As Parra's theory went, because she didn't sign the beneficiary deed, it was ineffective and Husband and Wife acquired no interest in the Home when Juarez died. And because Juarez died intestate, Parra asserted she was the Home's sole owner. *See* A.R.S. § 14-2102. But that claim depended on Parra proving the ownership interest she claimed through Juarez.

¶22      The central dispute at trial concerned who funded and owned the Home. Parra's claim depended on establishing three factual predicates: (1) Parra and Juarez were married; (2) Juarez acquired the Home during the marriage; and (3) Juarez bought and paid for the Home with funds belonging to his marital community rather than funds belonging to Husband or Wife. Only if Parra established those facts could she claim the ownership interest she asserted through Juarez.

¶23      The superior court resolved these factual disputes against Parra. As to the first factual predicate, the court found Parra failed to establish she was married to Juarez. That finding alone undermined the foundation of Parra's ownership theory — her claim depended on proving that the Home belonged to a marital community shared with Juarez. *See* A.R.S. § 25-211(A).

¶24      We find nothing clearly erroneous about that finding. Parra gave inconsistent testimony about the date of her marriage to Juarez, first saying she married Juarez in 1976 but later that she wasn't sure whether that date was correct. Her pleadings, meanwhile, alleged she married

Juarez in 1974. The court also excluded the only documentary evidence offered to establish the marriage. *See supra* ¶ 12. And although Parra and Husband testified Parra was married to Juarez, that testimony didn't require the court to find a valid marriage existed. *See Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009) ("Even though conflicting evidence may exist, we affirm the trial court's ruling if substantial evidence supports it."). The superior court thus reasonably found Parra failed to establish she was married to Juarez.

**¶25** Because Parra was a party to the proceedings and failed to establish the marital relationship on which her ownership theory depended, her claim failed from the start and the superior court didn't err in rejecting her claimed ownership interest in the Home. We thus need not address any of her (or Husband's) additional arguments about the Home's ownership.

## II. We Lack Jurisdiction to Consider Husband's Challenge to the Attorneys' Fees Award.

**¶26** Husband argues the superior court erred by finding his conduct unreasonable and awarding Wife attorneys' fees.

**¶27** Our consideration of this argument implicates our independent duty "to examine whether jurisdiction exists." *Matter of Hernandez v. Athey*, 256 Ariz. 530, 532 ¶ 3 (App. 2023) (citation omitted). Our jurisdiction extends only to matters identified in a timely notice of appeal. *In re Marriage of Thorn*, 235 Ariz. 216, 218 ¶ 5 (App. 2014). Although an appellee may defend a judgment on any ground properly raised below without filing a cross-appeal, we can't enlarge the appellee's rights or reduce the appellant's rights under a judgment absent a cross-appeal. ARCAP 13(b)(2).

**¶28** Husband's argument seeks affirmative relief. If successful, it would eliminate his obligation to pay Wife's attorneys' fees, thereby enlarging his rights under the decree. *See Engel v. Landman*, 221 Ariz. 504, 510 ¶ 17 (App. 2009). Because Husband didn't file a notice of appeal from the decree, we lack jurisdiction to consider his challenge to the fee award. *See* ARCAP 8(d).

## CONCLUSION

**¶29** We affirm the superior court's decree in all respects properly before us and dismiss Husband's challenge to the attorneys' fees award for lack of jurisdiction.

¶30 Wife requests her attorneys' fees from Parra under A.R.S. § 25-324. Husband requests attorneys' fees under Arizona Rule of Civil Appellate Procedure 25, and A.R.S. §§ 12-349 and 25-324. We deny both fee requests in exercise of our discretion. We award Wife her costs on appeal, to be paid by Parra, upon compliance with Arizona Rule of Civil Appellate Procedure 21(b). And based on our review of the record, we share in the superior court's considerable concern about Husband's role in encouraging Parra's prosecution of her claims (and now this appeal).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR